UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., et al., | Case No. 24-cv-00252-JD |
| Plaintiffs, | |
| v. | **ORDER RE DISMISSAL** |
| SECRETARY OF U.S. DEPARTMENT OF STATE, et al., | |
| Defendants. | |

In this immigration case, plaintiffs' complaint, Dkt. No. 1, is dismissed pursuant to Federal Rule of Civil Procedure 8(a), with leave to amend. Defendants' motion to dismiss, Dkt. No. 27, is terminated as moot.

A complaint is properly dismissed under Rule 8 when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

That is the situation here. For plaintiff A.G., the complaint says that she was entitled to be given the same immigration status as her parents on the same date. *See*, *e.g.*, Dkt. No. 1 ¶¶ 47, 55; Dkt. No. 30 at 2-3 ("Plaintiffs allege that Defendants . . . have a duty to approve a green card application for a derivative applicant under § 1153(d) when the principal applicant gets a green card") (cleaned up). The complaint also says that A.G.'s application for adjustment of status was not approved at the same time her parents' applications were approved, and she was instead issued a "request for evidence" (presumably on the same date that her parents' applications were approved), because "the civil surgeon had made a mistake on A.G.'s initial medical report," which she needed to have corrected. Dkt. No. 1 ¶¶ 30-31. The complaint acknowledges that an error-free medical report is "a form required to adjust status under current policy." *Id.* ¶ 31.

In effect, plaintiffs concede that there was a good reason to explain why A.G. did not receive a green card approval at the same time as her parents, while at the same time asserting that any failure to issue simultaneous approvals violates 8 U.S.C. § 1153(d). The end result is that it is impossible to determine from the current complaint "on what theory" plaintiff A.G. is claiming an entitlement to relief as against the USCIS and State Department defendants. *McHenry*, 84 F.3d at 1178.

The failure to satisfy Rule 8(a)'s pleading requirement is even more pronounced for the five other plaintiffs who remain in the case. *See* Dkt. No. 1 ¶¶ 1-9 (naming eight plaintiffs in addition to plaintiff A.G.); Dkt. No. 39 (dismissing three plaintiffs pursuant to the parties' stipulation of mootness). For those five plaintiffs, the complaint alleges no facts whatsoever other than to say that they too were "harm[ed] . . . as illustrated by Plaintiff A.G." Dkt. No. 1 ¶ 23. How that could be so is a complete mystery, all the more so because the set of facts alleged for plaintiff A.G. appear to be highly idiosyncratic. *See id.* ¶ 31.

Plaintiffs may file an amended complaint by April 9, 2025. A failure to meet this deadline without express approval will result in a dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 19, 2025

JAMES DONATO
United States District Judge